UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | No.: 3:18-CR-107-KAC-JEM |
| OSCAR GUEVARA SALAMANCA, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Oscar Guevara Salamanca's pro se motion for compassionate release [Doc. 52]. For the reasons stated below, the Court denies Defendant's Motion. *See* 18 U.S.C. § 3582(c)(1)(A).

On August 8, 2018, a grand jury indicted Defendant for unlawful reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2) [Doc. 9]. On November 21, 2018, Defendant pled guilty to unlawfully reentering the United States [Doc. 22]. The Court sentenced Defendant to 130 months' imprisonment [*See* Doc. 40 at 2]. Defendant has served more than half of his term of imprisonment and expects to complete his term of imprisonment on July 1, 2028. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Oct. 9, 2024). Defendant filed the instant Motion seeking a "reduction in sentence," which the Court liberally construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because Defendant filed a separate motion for relief under Section 3582(c)(2) at or around the same time [*See* Docs. 53, 57]. The Government opposes Defendant's Motion because Defendant "has not shown that he has satisfied the mandatory exhaustion requirement" [*See* Doc. 56 at 1 n.1].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Section 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). As a threshold matter, however, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the . . . [individual's] behalf" or thirty (30) days must have elapsed "from the receipt of such a request by the warden of the . . . [individual's] facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant fails to provide any evidence that he administratively exhausted his claim [*See generally* Doc. 52 (offering no evidence of exhaustion)]. And because the United States has asserted that Defendant failed to exhaust, [*see* Doc. 56 at 1 n.1], Defendant's failure to establish that he exhausted his claim is fatal to his Motion, *see United States v. Alam*, 960 F.3d 831, 832-34 (6th Cir. 2020) (noting that when the United States "properly invoke[s]" the exhaustion requirement, it "must be enforced").

Accordingly, the Court **DENIES** Defendant's pro se motion for compassionate release [Doc. 52].

SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge